UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTEMUS BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. **FILED: APRIL 23, 2008** |
| | ) | **08CV2324      AEE** |
| BAXTER INTERNATIONAL, INC., a | ) | **JUDGE GETTLEMAN** |
| corporation; BAXTER HEALTHCARE | ) | **MAGISTRATE JUDGE MASON** |
| CORPORATION, a corporation, and SCIENTIFIC | ) | |
| PROTEIN LABORATORIES, LLC, a limited | ) | |
| liability company, ROBERT L. PARKINSON, JR., | ) | **PLAINTIFF DEMANDS** |
| JAMES M. GATLING, and DAVID ROHRBACH, | ) | **TRIAL BY JURY** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Now comes the Plaintiff, ARTEMUS BANKS, by and through his attorneys, NOLAN

LAW GROUP, and for his Complaint states as follows:

### PARTIES

1.  Plaintiff, ARTEMUS BANKS, is a resident of the State of Kentucky.

2.  Defendant, BAXTER INTERNATIONAL, INC. is a corporation organized and existing

under the laws of the State of Delaware, with its principal place of business located within the

State of Illinois and this District.

3.  Defendant, BAXTER HEALTHCARE CORPORATION is a corporation organized and

existing under the laws of the State of Delaware, with its principal place of business located

within the State of Illinois and this District, and is a wholly-owned subsidiary of Defendant,

BAXTER INTERNATIONAL, INC.

1

4.    Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION developed, formulated, manufactured, marketed, distributed, and sold the pharmaceutical Heparin.

5.    Defendant, SCIENTIFIC PROTEIN LABORATORIES, L.L.C., is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Wisconsin, and controls 55% of the interest in a joint venture known as Changzhou SPL Co. Ltd.

6.    Defendant, SCIENTIFIC PROTEIN LABORATORIES, L.L.C. manufactures the active pharmaceutical ingredient ("API") for the Heparin, at its facility in Waunakee, Wisconsin and at its Changzhou SPL facility in China.  Defendant, SPL, sells that API for inclusion in Heparin finished at the facilities of Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION.

7.    Defendant, ROBERT L. PARKINSON is a resident of the State of Illinois and is and at all times relevant herein was the Chairman of the Board and Chief Executive Officer of Defendant, BAXTER INTERNATIONAL, INC.

8.    Defendant, JAMES M. GATLING is a resident of the State of Illinois and is and at all times relevant herein was Corporate Vice President, Global Manufacturing Operations and Supply Chain Operations of Defendant, BAXTER INTERNATIONAL, INC.

9.    Defendant, DAVID ROHRBACH is a resident of the State of Illinois and is and at all times relevant herein was Vice President, Quality of the Baxter Pharmaceuticals and Technologies Division of Defendant, BAXTER HEALTHCARE CORPORATION.

## JURISDICTION AND VENUE

10.    Plaintiff alleges an amount in controversy in excess of $75,000.00 exclusive of interest and costs.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and Defendants.

11.    Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391.  All Defendants reside in this District and/or are subject to personal jurisdiction within this District, and a substantial part of the events or omissions giving rise to this claim occurred in this District.

## BACKGROUND FACTS

12.    Plaintiff, ARTEMUS BANKS, seeks judgment against all defendants for compensatory and punitive damages arising from personal injuries he suffered from the use of a pharmaceutical drug commonly known as Heparin manufactured and distributed by Defendants BAXTER INTERNATIONAL, INC., BAXTER HEALTHCARE CORPORATION and SCIENTIFIC PROTEIN LABORATORIES, L.L.C.

13.    The active pharmaceutical ingredient (API) in Heparin is sourced from pig intestines and then goes through multiple purification steps to inactivate proteins and viruses and to extract out contaminants before it reaches its final dosage form.

14.    On March 19, 2008, Dr. Janet Woodcock, Director of the Center for Drug Evaluation and research for the United States Food and Drug Administration (FDA) announced at a press conference that testing had revealed a contaminant in certain Heparin API known as an over-sulfated chondroitin sulfate.

15.    Chondroitin sulfate and heparin are each variably sulfated glycosaminoglycans ("GAGs") belonging to a group of chemicals known as complex polysaccharides. Chondroitin

3

sulfate is ordinarily purified from animal cartilage and is used in the United States as a dietary supplement to treat arthritis.

16.    Over-sulfated chondroitin sulfate is not ordinarily found in nature.  Most probably, ordinary chondroitin sulfate was chemically modified to introduce the additional sulfate groups found in the Heparin API during the course of the FDA supervised testing of the contaminated Heparin.

17.    Over-sulfated chondroitin sulfate is not a drug approved by the FDA for use in the United States nor should it be present in heparin. Unlike conventional chondroitin sulfate, over-sulfated chondroitin sulfate mimics Heparin's activities in certain tests, including certain potency assays.

18.    On November 19, 2007, doctors at St. Louis Children's Hospital treated a child who suffered allergic reactions from Heparin, including swollen lips and eyelids and a drop in blood pressure within minutes after dialysis.

19.    Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, through a spokeswoman has represented that the Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, began an investigation when other physicians notified it of problems in late December, 2007.

20.    The Centers for Disease Control and Prevention ("CDC") was first notified on January 7, 2008, by the Missouri Department of Health and Senior Services (MDHSS) of the allergic-type reactions among pediatric hemodialysis patients that began occurring November 19, 2007 at St. Louis Children's Hospital. The reactions had been reported to MDHSS by a health-care provider at the hospital. A total of eight episodes of acute allergic-type reactions were identified

4

as occurring among four patients at St. Louis Children's Hospital during the period of November

19, 2007 to January 15, 2008.

21.   Government officials at the FDA stated that agency became aware of a potential

problem with heparin product in early to mid January through reports it was receiving from

Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE

CORPORATION, and the CDC. Review of the FDA's Adverse Event Reporting system data

revealed a spike in the number of reports coming into the FDA related to Heparin toward the end

of December, 2007 and an escalation in January, 2008.

22.   Defendants BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE

CORPORATION issued a first Urgent Product Recall letter on January 17, 2008 relating to

certain Heparin products contained in Heparin Sodium Injection 1000 units/mL 10 mL vials

bearing lot numbers 107054 and 117085 and Heparin Sodium Injection 1000 units/mL 30 mL

vials bearing lot numbers 047056, 097081, 107024, 107064, 107066, 107074, and 107111.

23.   On February 29, 2008, the Defendants, BAXTER INTERNATIONAL, INC. and

BAXTER HEALTHCARE CORPORATION issued an additional Urgent Product Recall to

include all lots of single and multi-dose vials of Heparin Sodium Injection product and another

Urgent Product Recall to include recall of all lots of HEP-LOCK (Heparin Lock Flush Solution,

USP) and HEP-LOCK U/P (Preservative-Free Heparin Lock Flush, USP) product.

24.   The joint venture entity of the Defendant, SCIENTIFIC PROTEIN LABORATORIES,

L.L.C., known as Changzhou SPL Co. Ltd. (and sometimes referred to as Changzhou Kaipu

Biochemical Co. Ltd. or Changzhou Kaipu) submitted an application to the FDA for approval of

the manufacturing of Heparin Sodium USP on May 10, 2002, which application was approved

by the FDA in 2004.

25.   Defendant, SCIENTIFIC PROTEIN LABORATORIES, L.L.C., manufactures finished Heparin API from raw materials procured in each North America and China. "Product 1060" identifies Heparin Sodium USP finished from Chinese raw materials at the Changzhou SPL facility, "Product 1035" identifies Heparin Sodium USP finished from Chinese raw materials at the SPL facility in Waunakee, Wisconsin, and "Product 1037" identifies Heparin Sodium USP finished from North American raw materials at the SPL facility in Waunakee, Wisconsin.

26.   Since the date of approval by the FDA, Changzhou SPL Co., Ltd. has held and continues to hold FDA approval to manufacture Heparin Sodium USP in Jiangsu Province, China in accordance with the provisions of FDA Drug Master File Number 15973.

27.   The Changzhou SPL facility was not inspected by the FDA prior to providing its manufacturing approval or at any other time prior to February 20, 2008.

28.   The FDA conducted an inspection of the Changzhou SPL plant in China during the period of February 20-26, 2008. The FDA cited Changzhou SPL Company, Ltd. for a number of violations, including a) incomplete manufacturing instructions, b) lack of critical processing steps or annual test results, c) lack of an impurity profile for Heparin, d) incomplete manufacturing instructions for Heparin Sodium USP, e) investigations into failed lots were approved as complete, but no cause was listed, and f) inadequate control of material flow in the processing area.

29.   A group of employees and agents of Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION inspected the Changzhou SPL facility in China in September 2007. At this point in time, if not sooner, Defendants BAXTER INTERNATIONAL, INC., BAXTER HEALTHCARE CORPORATION and SCIENTIFIC PROTEIN LABORATORIES, L.L.C., and each of them, knew of the unsafe and dangerous

6

conditions existing in the manufacturing process of Heparin API at the Changzhou SPL facility and the likelihood that harm to persons would result from these conditions.

## FACTS APPLICABLE TO THE NAMED PLAINTIFF

30.  At all times herein relevant, the Plaintiff, ARTEMUS BANKS, was receiving home dialysis as treatment for a medical condition and was prescribed Heparin for use during his home dialysis.

31.  In or about January, 2008, Plaintiff, ARTEMUS BANKS, was delivered a box containing 25 vials of Baxter Heparin for use during his home dialysis known as Heparin Sodium Injection 1000 units/mL 30 mL bearing NDC 0641-2450-41 and Lot Number 027020 ("Subject Heparin Product") that was manufactured and distributed by Defendants, BAXTER INTERNATIONAL, INC. and/or BAXTER HEALTHCARE CORPORATION, and containing the Heparin API product ("Subject Heparin API") manufactured and distributed by the Defendant, SCIENTIFIC PROTEIN LABORATORIES, L.L.C.

32.  Plaintiff, ARTEMUS BANKS, used the aforesaid Heparin product as prescribed and indicated, yet during the course of its use, Plaintiff ARTEMUS BANKS began experiencing numerous physical symptoms including suffered wheezing, shortness of breath, coughing, dizziness, increased perspiration and sudden weakness.

33.  On or about March 12, 2008, Plaintiff, ARTEMUS BANKS, received a letter entitled "URGENT Baxter Heparin Recall" from Fresenius Medical Care instructing him to discontinue the use of the Heparin product and to make arrangements for return of the product with which he complied.

## FIRST CAUSE OF ACTION
### Products Liability v. Baxter and Baxter Healthcare

7

34.   Plaintiff repeats and incorporates by reference paragraphs 1 through 33, inclusive, of this Complaint as fully set forth herein.

35.   That at the time the Subject Heparin Product left the control of the defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and each of them, it contained one or more conditions which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner, including but not limited to the following:

    (a)    said Heparin product was manufactured, distributed and sold when it contained animal cartilage and/or other impurities that were injurious to the human body;

    (b)    said Heparin product was manufactured, distributed and sold without proper and adequate warnings and/or instructions to assist consumers and health care providers in identifying adverse reactions arising from the condition of the product; and/or

    (c)    said Heparin product was otherwise defective by way of its manufacture, distribution, sale, warnings and/or instructions in particulars to be determined through discovery in this action.

36.   That as a direct and proximate result of one or more of the foregoing unreasonably dangerous conditions of the Subject Heparin Product, Plaintiff, ARTEMUS BANKS, suffered serious physical, mental and emotional injuries, some or all of which are permanent in nature.

37.   That as a result of the aforesaid injuries, Plaintiff, ARTEMUS BANKS, was caused to and will in the future experience great pain and suffering, has suffered and will in the future suffer disability and disfigurement, has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services, has suffered and will in the future suffer a loss of the value of his time, earnings, profits and salaries and has been and will be damaged in his earning capacity, and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, ARTEMUS BANKS, prays that judgment be entered in his favor and against the Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and each of them, in a sum in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs of this action.

## SECOND CAUSE OF ACTION
### Negligence – Baxter and Baxter Healthcare

38. Plaintiff repeats and incorporated by reference paragraphs 1 through 33 of this complaint as if fully set forth herein.

39. That it then and there became and was the duty of the Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and each of them, to exercise ordinary care in their conduct so as not to cause injury to the person of the Plaintiff, ARTEMUS BANKS.

40. Notwithstanding, the Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and each of them, breached their respective duty of care to the Plaintiff, ARTEMUS BANKS, through acts or omissions including but not limited to one or more of the following:

    (a)    negligently and carelessly procured bio-medical products from suppliers in China for use in pharmaceutical drugs in the United States, when the facilities and operations of those suppliers had never been properly or adequately inspected by or on behalf of Defendants, BAXTER INTERNATIONAL, INC. and/or BAXTER HEALTHCARE CORPORATION;

    (b)    negligently and carelessly failed to properly and adequately inspect and test the said Heparin product for unsafe and dangerous impurities contained therein;

    (c)    negligently and carelessly failed to employ proper and adequate quality control procedures to ensure that its Heparin product was safe and free from dangerous impurities;

9

(d)     negligently and carelessly failed to properly supervise, monitor and/or oversee the acts and omissions of its Global Manufacturing Operations and Supply Chain Operations;

(e)     negligently and carelessly failed to timely recall the said Heparin product or otherwise remedy the danger the product posed to consumers once the defendants, and each of them, became aware that a potential danger to consumers existed;

(f)     negligently and carelessly manufactured, sold and distributed said Heparin product containing animal cartilage and/or other impurities that were injurious to the human body;

(g)     negligently and carelessly manufactured, sold and distributed said product without proper and adequate warnings and/or instructions to assist consumers and health care providers in identifying adverse reactions arising from the condition of the product; and/or

(h)     otherwise negligently and carelessly manufactured, sold and distributed said product when it was in an unsafe and dangerous condition by way of its manufacture, distribution, sale, warnings and/or instructions in particulars to be determined through discovery in this action.

41.   That as a direct and proximate result of one or more of the beach of duty by the

Defendants, BAXTER INTERNATIONAL, INC., and BAXTER HEALTHCARE

CORPORATION, and each of them, Plaintiff, ARTEMUS BANKS, suffered serious physical,

mental and emotional injuries, some or all of which are permanent in nature.

42.   That as a result of the aforesaid injuries, Plaintiff, ARTEMUS BANKS, was caused to

and will in the future experience great pain and suffering, has suffered and will in the future

suffer disability and disfigurement, has been caused to incur and will in the future incur expenses

for necessary medical care, treatment and services, has suffered and will in the future suffer a

loss of the value of his time, earnings, profits and salaries and has been and will be damaged in

his earning capacity, and has otherwise been damaged in a personal and pecuniary nature.

10

WHEREFORE, Plaintiff, ARTEMUS BANKS, prays that judgment be entered in his favor and against the Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and each of them, in a sum in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs of this action.

### THIRD CAUSE OF ACTION
**Breach of Warranties – Baxter and Baxter Healthcare**

43.    Plaintiff repeats and incorporates by reference paragraphs 1 through 33 of this Complaint as fully set forth herein.

44.    Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and each of them, expressly and/or impliedly warranted and represented that the said Heparin product, including its instructions and warnings, conformed to manufacturing specifications, was proper and safe for the use for which it was manufactured and sold, and said defendants further warranted that the said Heparin product was free from defects.

45.    Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and each of them, breached said warranties in that the said Heparin product did not conform to manufacturing specifications, was not proper and safe for the use for which it was manufactured and sold, and further was not free from defects.

46.    Plaintiff, ARTEMUS BANKS, by way of his purchase and/or receipt of the said Heparin product, was a beneficiary of the warranties extended by Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and each of them.

47.    As a direct and proximate result of the foregoing breach of warranties, by Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and

11

each of them, Plaintiff, ARTEMUS BANKS, suffered serious physical, mental and emotional injuries, some or all of which are permanent in nature.

48.   That as a result of the aforesaid injuries, Plaintiff, ARTEMUS BANKS, was caused to and will in the future experience great pain and suffering, has suffered and will in the future suffer disability and disfigurement, has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services, has suffered and will in the future suffer a loss of the value of his time, earnings, profits and salaries and has been and will be damaged in his earning capacity, and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, ARTEMUS BANKS, prays that judgment be entered in his favor and against the Defendants, BAXTER INTERNATIONAL, INC., and BAXTER HEALTHCARE CORPORATION, and each of them, in a sum in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs of this action.

### FOURTH CAUSE OF ACTION
**Willful & Wanton Misconduct – Baxter, Baxter Healthcare and Individual Defendants**

49.   Plaintiff repeats and incorporated by reference paragraphs 1 through 48 of this complaint as if fully set forth herein.

50.   That the foregoing acts and omissions committed by the Defendants, BAXTER INTERNATIONAL, INC., and BAXTER HEALTHCARE CORPORATION, and each of them, were committed willfully and wantonly, were grossly negligent, and/or exhibited a conscious disregard for the safety and health of the general public, including the plaintiff.

51.   That on numerous occasions prior to issuing the Urgent Product Recall letter on January 17, 2008, and in the period between January 17, 2008 and the issuing of the additional Urgent Product Recall letter on February 29, 2008, the Defendants, ROBERT L. PARKINSON, JR.,

12

JAMES M. GATLING, and DAVID ROHRBACH, and each of them had actual knowledge of the significant danger and risk of harm existing and its potential for injury, participated in meetings on behalf of Defendants, BAXTER INTERNATIONAL, INC., and BAXTER HEALTHCARE CORPORATION, in which the risks and dangers were discussed, and nevertheless made the conscious decision to not send an Urgent Product Recall letter prior to January 17, 2008, and withheld the additional Urgent Product Recall until February 29, 2008.

52.    The foregoing acts and omissions of the Defendants, ROBERT L. PARKINSON, JR., JAMES M. GATLING, and DAVID ROHRBACH, and each of them, were committed willfully and wantonly, were grossly negligent, and/or exhibited a conscious disregard for the safety and health of the general public, including the plaintiff.

53.    That as a result of the willful, wanton, and grossly negligent misconduct of the Defendants, BAXTER INTERNATIONAL, INC., BAXTER HEALTHCARE CORPORATION ROBERT L. PARKINSON, JR., JAMES M. GATLING, and DAVID ROHRBACH, and each of them, Plaintiff, ARTEMUS BANKS, suffered serious physical, mental and emotional injuries, some or all of which are permanent in nature.

54.    That as a result of the aforesaid injuries, Plaintiff, ARTEMUS BANKS, was caused to and will in the future experience great pain and suffering, has suffered and will in the future suffer disability and disfigurement, has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services, has suffered and will in the future suffer a loss of the value of his time, earnings, profits and salaries and has been and will be damaged in his earning capacity, and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, ARTEMUS BANKS, prays that judgment be entered in his favor and against the Defendants, BAXTER INTERNATIONAL, INC., BAXTER

13

HEALTHCARE CORPORATION, ROBERT L. PARKINSON, JR., JAMES M. GATLING,

and DAVID ROHRBACH, and each of them, for compensatory damages in a sum in excess of

seventy-five thousand dollars ($75,000), exclusive of interest and costs of this action, and for

punitive damages in the amount of one hundred million dollars ($100,000,000.00).

### FIFTH CAUSE OF ACTION
### Product Liability – Scientific Protein Labs

55.   Plaintiff repeats and incorporates by reference paragraphs 1 through 33, inclusive, of

this Complaint as fully set forth herein.

56.   That at the time the Subject Heparin API left the control of the Defendant, SCIENTIFIC

PROTEIN LABORATORIES, L.L.C., it contained one or more conditions which rendered it

defective and not reasonably safe when used in a reasonably foreseeable manner, including but

not limited to the following:

(a) the Subject Heparin API was manufactured, distributed and sold when it
    contained animal cartilage and/or other impurities that were injurious to
    the human body;

(b) the Subject Heparin API was manufactured, distributed and sold without
    proper and adequate warnings and/or instructions to assist consumers
    and health care providers in identifying adverse reactions arising from
    the condition of the product; and/or

(c) the Subject Heparin API was otherwise defective by way of its
    manufacture, distribution, sale, warnings and/or   instructions in
    particulars to be determined through discovery in this action.

57.   That as a direct and proximate result of one or more of the foregoing unreasonably

dangerous conditions of the Subject Heparin API, the Plaintiff, ARTEMUS BANKS, suffered

serious physical, mental and emotional injuries, some or all of which are permanent in nature.

58.   That as a result of the aforesaid injuries, Plaintiff, ARTEMUS BANKS, was caused to

and will in the future experience great pain and suffering, has suffered and will in the future

suffer disability and disfigurement, has been caused to incur and will in the future incur expenses

for necessary medical care, treatment and services, has suffered and will in the future suffer a

loss of the value of his time, earnings, profits and salaries and has been and will be damaged in

his earning capacity, and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, ARTEMUS BANKS, prays that judgment be entered in his

favor and against the Defendant, SCIENTIFIC PROTEIN LABORATORIES, L.L.C., in a sum

in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs of this

action.

### SIXTH CAUSE OF ACTION
### Negligence – Scientific Protein Labs

59.   Plaintiff repeats and incorporated by reference paragraphs 1 through 33 of this

complaint as if fully set forth herein.

60.   That it then and there became and was the duty of the Defendant, SCIENTIFIC

PROTEIN LABORATORIES, L.L.C., to exercise ordinary care in its conduct so as not to cause

injury to the person of the Plaintiff, ARTEMUS BANKS.

61.   Notwithstanding, the Defendant, SCIENTIFIC PROTEIN LABORATORIES, L.L.C.,

breached its duty of care to the Plaintiff, ARTEMUS BANKS, through acts or omissions

including but not limited to one or more of the following:

    (a)    negligently and carelessly procured bio-medical products from suppliers in China for use in pharmaceutical drugs in the United States, when the facilities and operations of those suppliers had never been properly or adequately inspected by or on behalf of Defendants, SCIENTIFIC PROTEIN LABORATORIES, L.L.C.;

    (b)    negligently and carelessly failed to properly and adequately inspect and test the Subject Heparin API for unsafe and dangerous impurities contained therein;

15

(c)     negligently and carelessly failed to employ proper and adequate quality control procedures to ensure that its Subject Heparin API was safe and free from dangerous impurities;

(d)     negligently and carelessly failed to properly supervise, monitor and/or oversee the acts and omissions of its global manufacturing operations and supply chain operations;

(e)     negligently and carelessly failed to timely recall the Subject Heparin API or otherwise remedy the danger the product posed to consumers once the defendants, and each of them, became aware that a potential danger to consumers existed;

(f)     negligently and carelessly manufactured, sold and distributed the Subject Heparin API containing animal cartilage and/or other impurities that were injurious to the human body;

(g)     negligently and carelessly manufactured, sold and distributed the Subject Heparin API without proper and adequate warnings and/or instructions to assist consumers and health care providers in identifying adverse reactions arising from the condition of the product; and/or

(h)     otherwise negligently and carelessly manufactured, sold and distributed the Subject Heparin API when it was in an unsafe and dangerous condition by way of its manufacture, distribution, sale, warnings and/or instructions in particulars to be determined through discovery in this action.

62.    That as a direct and proximate result of one or more of the breach of duty by the Defendant, SCIENTIFIC PROTEIN LABORATORIES, L.L.C., the Plaintiff, ARTEMUS BANKS, suffered serious physical, mental and emotional injuries, some or all of which are permanent in nature.

63.    That as a result of the aforesaid injuries, Plaintiff, ARTEMUS BANKS, was caused to and will in the future experience great pain and suffering, has suffered and will in the future suffer disability and disfigurement, has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services, has suffered and will in the future suffer a

16

loss of the value of his time, earnings, profits and salaries and has been and will be damaged in his earning capacity, and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, ARTEMUS BANKS, prays that judgment be entered in his favor and against the Defendant, SCIENTIFIC PROTEIN LABORATORIES, L.L.C., in a sum in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs of this action.

### SEVENTH CAUSE OF ACTION
### Breach of Warranties – Scientific Protein Labs

64.   Plaintiff repeats and incorporates by reference paragraphs 1 through 33 of this Complaint as fully set forth herein.

65.   Defendant, SCIENTIFIC PROTEIN LABORATORIES, L.L.C., expressly and/or impliedly warranted and represented that the Subject Heparin API, including its instructions and warnings, conformed to manufacturing specifications, was proper and safe for the use for which it was manufactured and sold, and said defendant further warranted that the Subject Heparin API was free from defects.

66.   Defendant, SCIENTIFIC PROTEIN LABORATORIES, L.L.C., breached said warranties in that the Subject Heparin API did not conform to manufacturing specifications, was not proper and safe for the use for which it was manufactured and sold, and further was not free from defects.

67.   Plaintiff, ARTEMUS BANKS, by way of his purchase and/or receipt of the Subject Heparin Product containing the Subject Heparin API, was a beneficiary of the warranties extended by the Defendant, SCIENTIFIC PROTEIN LABORATORIES, L.L.C.

17

68. As a direct and proximate result of the foregoing breach of warranties, by the Defendant, SCIENTIFIC PROTEIN LABORATORIES, L.L.C., the Plaintiff, ARTEMUS BANKS, suffered serious physical, mental and emotional injuries, some or all of which are permanent in nature.

69. That as a result of the aforesaid injuries, Plaintiff, ARTEMUS BANKS, was caused to and will in the future experience great pain and suffering, has suffered and will in the future suffer disability and disfigurement, has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services, has suffered and will in the future suffer a loss of the value of his time, earnings, profits and salaries and has been and will be damaged in his earning capacity, and has otherwise been damaged in a personal and pecuniary nature.

70. WHEREFORE, Plaintiff, ARTEMUS BANKS, prays that judgment be entered in his favor and against the Defendant, SCIENTIFIC PROTEIN LABORATORIES, L.L.C., in a sum in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs of this action.

### EIGHTH CAUSE OF ACTION
### Willful & Wanton Misconduct – Scientific Protein Laboratories

71. Plaintiff repeats and incorporates by reference paragraphs 1 through 33 and paragraphs 55 through 70 of this Complaint as fully set forth herein.

72. That the foregoing acts and omissions committed by the Defendant, SCIENTIFIC PROTEIN LABORATORIESS, L.L.C., were committed willfully and wantonly, were grossly negligent, and/or exhibited a conscious disregard for the safety and health of the general public, including the plaintiff.

18

73.   That as a result of the willful, wanton, and grossly negligent misconduct of the Defendant, SCIENTIFIC PROTEIN LABORATORIESS, L.L.C., Plaintiff, ARTEMUS BANKS, suffered serious physical, mental and emotional injuries, some or all of which are permanent in nature.

74.   That as a result of the aforesaid injuries, Plaintiff, ARTEMUS BANKS, was caused to and will in the future experience great pain and suffering, has suffered and will in the future suffer disability and disfigurement, has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services, has suffered and will in the future suffer a loss of the value of his time, earnings, profits and salaries and has been and will be damaged in his earning capacity, and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, ARTEMUS BANKS, prays that judgment be entered in his favor and against the Defendant, SCIENTIFIC PROTEIN LABORATORIESS, L.L.C., for compensatory damages in a sum in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs of this action, and for punitive damages in the amount of one hundred million dollars ($100,000,000.00).

Respectfully Submitted,

Donald J. Nolan, Esq.
Paul R. Borth, Esq.
Jennifer L. Parker, Esq.
NOLAN LAW GROUP
20 North Clark Street, 30th Floor
Chicago, Illinois 60602-4109
Tel (312) 630-4000

Dated: April 23, 2008

19