## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTEMUS BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:08-CV-02324 |
| | ) |
| BAXTER INTERNATIONAL INC., a | ) |
| corporation; BAXTER HEALTHCARE | ) |
| CORPORATION, a corporation, and | ) |
| SCIENTIFIC PROTEIN | ) |
| LABORATORIES, LLC, a limited liability | ) |
| company, ROBERT L. PARKINSON, JR., | ) |
| JAMES M. GATLING, and DAVID | ) |
| ROHRBACH, | ) |
| | ) |
| Defendants. | ) |

### MOTION FOR STAY OF PROCEEDINGS PENDING TRANSFER TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Defendants Baxter International Inc., Baxter Healthcare Corporation, Robert L. Parkinson, Jr. and James M. Gatling ("Defendants") respectfully move this Court to stay further proceedings in the above-captioned action pending a final determination by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") regarding whether this action, and more than twenty related actions, should be centralized, pursuant to 28 U.S.C. §1407 and, if so, before which forum. In support of this Motion, Defendants state as follows:

### BACKGROUND

**A.     Motions To Create MDL Proceeding To Be Heard May 29, 2008.**

1.   The allegations of this suit are virtually identical to those alleged in at least twenty filed actions throughout the country brought by individuals who have taken heparin, a pharmaceutical product used for its anticoagulant properties. In these suits, as well as in the

present suit, plaintiffs contend that Defendants supplied defective heparin causing injury to patients.

2.   Within the past three months, numerous plaintiffs filed suits seeking recovery for various injuries allegedly caused by, among other things, heparin supplied and sold by Defendants.  Five of these suits are styled as class actions.  There are now at least twenty heparin-related cases pending in widely-dispersed jurisdictions including the Northern District of Illinois, the Northern District of Ohio, the Western District of Pennsylvania, the District of Puerto Rico, the District of New Jersey, the Southern District of Florida, and the Middle District of Florida.

3.   On March 28, 2008, plaintiffs in *D'Amico v. Baxter Healthcare Corp*., a heparin-related class action, filed a motion pursuant to 28 U.S.C. §1407 to consolidate the many heparin-related cases before one Multidistrict Litigation Court.  Defendants do not oppose consolidation.

4.   The MDL Panel will hear the pending transfer motion in Asheville, North Carolina on May 29, 2008.

5.   The three courts that have addressed the merits of a motion to stay have all granted those motions, including two courts in the Northern District of Illinois.  And nine other cases across the country have been stayed by agreed order.

**B.**     ***Banks v. Baxter International Inc.* Would Be Consolidated If An MDL Court Is Established.**

6.   Pursuant to Panel Rule 7.2(i), Defendants will give notice to the MDL Panel of this case as a potential tag-along action.  (*See generally* Rule 1.1, *Rules of Procedure of the Judicial Panel on Multidistrict Litigation*).  This case will be appropriate for transfer once an MDL proceeding is established and a forum selected since it involves "one or more common questions

2

of fact" with the case originally submitted to the MDL Panel,[1] which is currently pending for transfer and consolidation.  28 U.S.C. § 1407.  The pending heparin-related actions contain similar allegations and name many of the same defendants.  These actions necessarily will involve much of the same discovery.  This action likely will be consolidated with the numerous other heparin-related cases for coordinated pretrial proceedings.

## ARGUMENT

7.  All proceedings in this action should be stayed pending the MDL Panel's final determination concerning the transfer motion and choice of forum.  A stay will prevent needless waste of time and resources of the parties and of the Court.  Moreover, it will protect Defendants from being required to litigate identical issues on multiple fronts, with the danger of inconsistent rulings.  In the unlikely event that these actions are not consolidated, Plaintiff will not have suffered any prejudice as a result of a temporary stay.  The MDL Panel will take up these matters in less than three weeks.  The hearing on the pending transfer motion is scheduled for May 29, 2008.

8.  The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); s*ee also Clinton v. Jones,* 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.")  In addition to this Court's inherent authority to stay these proceedings, Congress has granted statutory authority to issue a stay because 28

---

[1]  Nothing in this motion is intended to suggest that class certification, which involves a different standard and consideration of factors not at issue here, is appropriate for any of these claims.  Thus, although Defendants agree consolidation for pretrial proceedings as part of an MDL is appropriate, Defendants reserve their right to oppose class certification.

U.S.C. § 1407 authorizes the MDL Panel to order a cause transferred even with a pending jurisdictional objection. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). Under these circumstances, "stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources." *Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999).

9. Numerous federal courts have recognized that efficiency and uniformity demand the stay of an action pending transfer to an MDL proceeding. *See, e.g., Johnson v. AMR Corp.*, 1996 WL 164415, at *4 (N.D. Ill. Apr. 3, 1996) (staying proceedings pending transfer to MDL); *Thomas v. Ameriquest Mortg. Co.*, 2007 WL 3287842, at *1 (S.D. Ala. Nov. 5, 2007) ("the interests of promoting judicial efficiency, avoiding inconsistent results between sister courts, and avoiding prejudice to the parties weigh in favor of allowing the MDL Court to resolve the [similar] motions"); *Jones v. Lewis*, 2006 WL 1006881, at *1 (W.D. Tenn. Apr. 17, 2006) (staying case pending MDL transfer); *Ellis v. Merck & Co.,* 2006 WL 448694, at *1 (W.D. Tenn. Feb. 19, 2006) (staying case removed on basis of diversity pending MDL transfer as "having the pretrial issues decided in the MDL proceeding will best promote judicial economy and conserve judicial resources"); *Gaffney v. Merck & Co.,* 2005 WL 1700772, at *1-2 (W.D. Tenn. July 19, 2005) (same); *Rosenfeld v. Hartford Fire Ins. Co.*, 1988 WL 49065, *2 (S.D.N.Y. May 12, 1988) (staying proceedings pending transfer, stating "that judicial resources and the defendants' resources may well be fruitlessly spent if a stay is not granted pending the outcome of the Panel's decision on the transfer motion"); *Kennedy v. Novartis Pharms. Corp.*, 2002 WL 31051601, at *1 (E.D. La. Sept. 12, 2002) (finding that the "interests of judicial economy will best be served by a temporary stay" of action removed from state court pending a ruling by MDL); *Aikins v. Microsoft Corp.*, 2000 WL 310391, at *1-2 (E.D. La. Mar. 24, 2000) (granting

stay pending ruling by MDL panel); *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("This Court has determined that a stay pending the disposition of the JPML motion is appropriate under the circumstances."); *Egon v. Del-Val Fin. Corp.*, 1991 WL 13726, at *1 (D.N.J. Feb. 1, 1991) (granting stay because it fosters the purpose of the MDL statute to coordinate related litigation); *Portnoy v. Zenith Labs.,* 1987 WL 10236, at *1 (D.D.C. Apr. 21, 1987) (same).

10. Moreover, Chief Judge Holderman and Judge Gettleman of the Northern District of Illinois and Judge Murphy of the Northern District of Georgia (the only courts to have addressed the merits of motions to stay in heparin-related cases) did in fact stay proceedings before their courts. Judge Gettleman stayed all proceedings except for briefing on a motion to remand. He set a hearing on that motion well past the May meeting of the MDL Panel, effectively staying all proceedings in that court.[2] Chief Judge Holderman and Judge Murphy stayed all proceedings, including briefing on pending motions to remand, so as to avoid undue prejudice and promote judicial efficiency.[3] Finally, nine additional cases across the country have been stayed by agreed order.

11. A stay of proceedings pending transfer to the MDL would not prejudice Plaintiff. The proposed stay would be short, lasting only until the MDL Panel resolves the transfer of this action. As Judge Murphy stated, Plaintiff "will suffer little, if any, prejudice from such a short stay." Murphy Order p. 7. The Panel will be informed of the case, and will likely soon issue a

---

[2] *See* Notification of Docket Entry by Judge Gettleman, 4/22/2008 ("Gettleman Order")*,* attached as Exhibit A.

[3] *See* Order by Judge Murphy, 5/7/2008 ("Murphy Order")*,* attached as Exhibits B. At the time of filing, no order or docket entry was available for Judge Holderman's 5/8/2008 ruling on the motion to stay in *Arnold v. Baxter Healthcare Corporation*, Civil Action No. 1:08-cv-02168. Should the Court require a copy of the docket entry or order, counsel will be happy to oblige once it becomes available.

Conditional Transfer Order.  If Plaintiff does not oppose transfer, the case will be before the MDL court within a matter of months.

12. If denied a stay, however, Defendants "will suffer prejudice and hardship if the Court does not grant a stay in this action," because Defendants "will be required to develop and to present similar defenses in several district courts, and will have to engage in duplicate briefing of motions and potentially duplicative discovery."  Murphy Order, p. 7.  Simultaneous proceedings may also subject Defendants to inconsistent rulings on pretrial matters.  A stay of proceedings would, therefore, "promote judicial economy and efficiency."  *Id.* at 8.

13. Given the MDL proceeding, the fact that this case is subject to transfer, the prejudice to Defendants, the efficiency and consistency that follow from having a single judge determine pretrial matters in the context of the MDL proceeding, and the underlying purposes of 28 U.S.C. § 1407, this Court should stay further proceedings pending a final decision by the MDL Panel.

WHEREFORE, Baxter International Inc. and Baxter Healthcare Corporation respectfully move for an order staying all further proceedings in this action until the MDL Panel determines whether it should be transferred and consolidated with other substantially identical actions.

This the 9th day of May, 2008.

Respectfully submitted,

    /s/ Leslie M. Smith, P.C.
Leslie M. Smith, P.C., Attorney No. 6196244
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
telephone:  (312) 861-2000
facsimile:  (312) 861-2200

## <u>CERTIFICATE OF SERVICE</u>

I, Leslie M. Smith, P.C. do hereby certify that on May 9, 2008, I caused a copy of the foregoing **MOTION FOR STAY OF PROCEEDINGS PENDING TRANSFER TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** to be served on Plaintiff's counsel by overnight delivery:

> Donald J. Nolan
> Paul R. Borth
> Jennifer L. Parker
> NOLAN LAW GROUP
> 20 North Clark Street, 30th Floor
> Chicago, Illinois  60602-4109
> Tel: (312) 630-4109

This 9th day of May, 2008.

                    /s/ Leslie M. Smith, P.C.
                    Leslie M. Smith, P.C.

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.1.3
### Eastern Division

Mark Andrew Scott

                                    Plaintiff,

v.                                                    Case No.: 1:08−cv−02058
                                                      Honorable Robert W. Gettleman

Baxter International, Inc., et al.

                                    Defendant.

_____

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, April 22, 2008:

   MINUTE entry before Judge Honorable Robert W. Gettleman: Motion hearing
held on 4/22/2008. Motion to stay [12] is granted except for the motion to remand [5].
Response to motion to remand is due by 5/13/2008. Reply is due by 5/20/2008. Status
hearing set for 6/26/2008 at 09:00 a.m. mailed notice (gds, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov.*

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

Nancy Ann Fowler,
et al.,


      Plaintiffs,

v.                    CIVIL ACTION FILE
                         NO. 4:08-CV-0055-HLM

Hamilton Medical Center, Inc.,
et al.,

      Defendants.

## ORDER

This case is before the Court on Defendant Baxter

Healthcare Corporation's Motion to Stay Proceedings

Pending Transfer to the Judicial Panel on Multidistrict

Litigation ("Motion to Stay") [11].

## I.   Background

Defendant Baxter Healthcare Corporation ("Defendant

Baxter") has moved to stay all of the proceedings in this

case pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on various motions to transfer filed in this case and in related cases. Defendant Baxter argues that pretrial discovery in the cases will overlap, that consolidation in one transferee court is appropriate, and that staying the proceedings in this case will further the interests of judicial economy and efficiency by eliminating unnecessary duplication of litigation. Defendant Baxter further contends that if the Court refuses to stay the proceedings in this case, Defendant Baxter will be placed in the position of having to develop and present similar defenses in separate federal district courts.

The other Defendants in this litigation apparently oppose the Motion to Stay, and instead argue that an Order remanding this case to the Superior Court of Whitfield

2

County, Georgia, is appropriate.   As of the date of this Order, Plaintiffs have not responded to Defendant Baxter's Motion, and the time for doing so has expired.[1]

## II.   Discussion

28 U.S.C.A. § 1407 permits the transfer of cases pending in different districts that involve common questions of fact to the same district for coordinated or consolidated

---

[1]The Court directs counsel to comply with the provisions of the Local Rules governing reply briefs, amended briefs, and surreply briefs.  Specifically, counsel ordinarily must obtain permission from the Court prior to filing an amended brief or a surreply brief.  The Court will direct the Clerk to strike all future briefs filed by the parties that do not comply with this rule, and will require the parties to re-file those briefs after obtaining permission from the Court to file the briefs.

The Court also refers counsel to the response time requirements set forth in the Local Rules.  Ordinarily, parties must respond to Motions, other than summary judgment motions, within ten business days, plus three days for mailing.  By the Court's calculation, the Georgia Defendants' response to Defendant Baxter's Motion to Stay, and Plaintiffs' response to that Motion, were due on May 6, 2008, not May 1, 2008, as Defendant Baxter asserts.

3

pretrial proceedings.  28 U.S.C.A. § 1407(a).[2]  "A pending motion before the JPML does not affect the jurisdiction of the transferor court."  Falgoust v. Microsoft Corp., No. CIV.A. 00-0779, 2000 WL 462919, at *1 (E.D. La. Apr. 19, 2000).[3]

---

[2]28 U.S.C.A. § 1407(a) provides:

When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.  Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

28 U.S.C.A. § 1407(a).

[3]Indeed, Rule 1.5 of the Rules of Procedure of the JPML

4

A court, however, has "inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Id. (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Consequently, the Court has discretion to grant a stay of proceedings in this case pending the JPML's decision on the pending motions to transfer. McCrary v.

---

states:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.

J.P.M.L. R. 1.5.

O 72A
Rev.8/82)

Bayer Corp., No. CIV.A. 02-642, 2002 WL 1467691, at *1 (E.D. La. July 3, 2002).    Indeed, courts frequently grant stays pending transfer decisions by the JPML to avoid duplicative efforts and to promote judicial economy.    Smith v. Mail Boxes, Etc. USA, Inc., 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) (collecting cases); Tench v. Jackson Nat'l Life Ins. Co., No. 99 C 5182, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

6

O 72A
Rev.8/82)

For the following reasons, the Court finds that staying this action pending the JPML's decision on the motions to transfer is appropriate. First, the JPML has scheduled a hearing on the motions to transfer for May 29, 2008, and, based on the Court's own experience with the JPML, the JPML likely will rule on the pending motions to transfer within the next two to three months. Plaintiffs and the remaining Defendants will suffer little, if any, prejudice from such a short stay.

Second, Defendant Baxter will suffer prejudice and hardship if the Court does not grant a stay in this action. If the Court does not grant a stay, Defendant Baxter will be required to develop and to present similar defenses in several district courts, and will have to engage in duplicate briefing of motions and potentially duplicative discovery.

7

Third, staying the proceedings in this case will promote judicial economy and efficiency. If the JPML ultimately transfers this case to another district court, the Court will have needlessly expended its energies and resources to familiarize itself with this case. <u>Rivers</u>, 980 F. Supp. at 1360. Further, any efforts that this Court might make with respect to case management and discovery "will most likely have to be replicated by the judge [who] is assigned to handle the consolidated litigation if the [JPML] does not consolidate the [Heparin] cases in this Court." <u>Id.</u> at 1361. Additionally, the transferee court may well be in a better position to address the other motions that remain pending in this case, such as the Joint Motion to Remand. Under those circumstances, granting a stay will conserve judicial resources.

8

For the above reasons, the Court finds that staying the proceedings in this case pending the JPML's decisions on the pending motions to transfer, is appropriate. The Court therefore grants Defendant Baxter's Motion to Stay.

## III.  Conclusion

ACCORDINGLY, the Court **GRANTS** Defendant Baxter Healthcare Corporation's Motion to Stay Proceedings Pending Transfer to the Judicial Panel on Multidistrict Litigation [11], and **STAYS** the proceedings in this case pending the JPML's decision on the pending motions to transfer.  The Court **DEFERS** ruling on all of the other pending Motions in this case pending a decision by the JPML concerning the Motion to Transfer, including: (1) the Motion to Dismiss filed by Defendants Hamilton Health Care System, Inc. and Hamilton Medical Center, Inc. [3]; (2) the

9

Motion to Dismiss filed by Defendants Maxwell and N.W. Georgia Hematology and Oncology, P.C. [5]; (3) Plaintiffs' Motion Requesting the Court to Toll Time for the Filing by Plaintiffs of a Medical Malpractice Affidavit [8]; (4) the Joint Motion to Remand to State Court [12]; and (5) Plaintiffs' Motion to Dismiss John C. Church and Dalton Imaging Center [14].

IT IS SO ORDERED, this the 9 day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE

O 72A
Rev.8/82)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ARTEMUS BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:08-CV-02324 |
| | ) |
| BAXTER INTERNATIONAL INC., a | ) |
| corporation; BAXTER HEALTHCARE | ) |
| CORPORATION, a corporation, and | ) |
| SCIENTIFIC PROTEIN | ) |
| LABORATORIES, LLC, a limited liability | ) |
| company, ROBERT L. PARKINSON, JR., | ) |
| JAMES M. GATLING, and DAVID | ) |
| ROHRBACH, | ) |
| | ) |
| Defendants. | ) |

## <u>NOTICE OF MOTION</u>

Defendants Baxter International Inc., Baxter Healthcare Corporation, Robert L. Parkinson, Jr. and James M. Gatling ("Defendants") hereby give notice of their Motion to Stay Proceedings Pending Transfer to the Judicial Panel on Multidistrict Litigation. Defendants shall appear before the Court on Wednesday, May 14 at 9:15 in the morning, or as soon thereafter as can be heard for presentment of this motion, a copy of which is served upon you.

This the 9th day of May, 2008.

Respectfully submitted,


     /s/ Leslie M. Smith, P.C.
Leslie M. Smith, P.C., Attorney No. 6196244
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
telephone: (312) 861-2000
facsimile: (312) 861-2200

## <u>CERTIFICATE OF SERVICE</u>

I, Leslie M. Smith, P.C. do hereby certify that on May 9, 2008, I caused a copy of the foregoing **NOTICE OF MOTION** to be served on Plaintiff's counsel by overnight delivery:

> Donald J. Nolan
> Paul R. Borth
> Jennifer L. Parker
> NOLAN LAW GROUP
> 20 North Clark Street, 30th Floor
> Chicago, Illinois  60602-4109
> Tel: (312) 630-4109

This 9th day of May, 2008.

_____/s/ Leslie M. Smith, P.C._____
Leslie M. Smith, P.C.

## U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
### ATTORNEY APPEARANCE FORM

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of

Case Number:

**FILED: APRIL 23, 2008**
**08CV2324    AEE**
**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE MASON**

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

| | |
|---|---|
| NAME (Type or print) | |
| SIGNATURE (Use electronic signature if the appearance form is filed electronically)<br>        s/ | |
| FIRM | |
| STREET ADDRESS | |
| CITY/STATE/ZIP | |
| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) | TELEPHONE  NUMBER |

| | | |
|---|---|---|
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES | NO |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES | NO |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES | NO |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES | NO |

IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.

RETAINED COUNSEL            APPOINTED COUNSEL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ARTEMUS BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:08-CV-02324 |
| | ) |
| BAXTER INTERNATIONAL INC., a | ) |
| corporation; BAXTER HEALTHCARE | ) |
| CORPORATION, a corporation, and | ) |
| SCIENTIFIC PROTEIN | ) |
| LABORATORIES, LLC, a limited liability | ) |
| company, ROBERT L. PARKINSON, JR., | ) |
| JAMES M. GATLING, and DAVID | ) |
| ROHRBACH, | ) |
| | ) |
| Defendants. | ) |

**CORPORATE DISCLOSURE STATEMENT OF BAXTER INTERNATIONAL INC.**
**AND BAXTER HEALTHCARE CORPORATION**

COME NOW Defendants Baxter International Inc. ("BII") and Baxter Healthcare Corporation

("BHC"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 7.1, and

certify that the following is a full and complete list of any parent corporation and any publicly

held corporation that owns 10% or more of the stock of BHC or BII:

      A.  BHC is a wholly-owned subsidiary of BII. BII owns 100% of the stock issued by
      BHC.

      B.  BII is a publicly traded corporation.  BII has no parent corporation, and no publicly
      traded corporation owns 10% or more of the stock issued by BII.

This the 9th day of May, 2008.

Respectfully submitted,

_____/s/ Leslie M. Smith, P.C._____
Leslie M. Smith, P.C., Attorney No. 6196244
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
telephone:  (312) 861-2000
facsimile:  (312) 861-2200

**CERTIFICATE OF SERVICE**

I, Leslie M. Smith, P.C. do hereby certify that on May 9, 2008, I caused a copy of the foregoing **CORPORATE DISCLOSURE STATEMENT OF BAXTER INTERNATIONAL INC. AND BAXTER HEALTHCARE CORPORATION** to be served on Plaintiff's counsel by overnight delivery:

> Devon C. Bruce
> POWER, ROGERS & SMITH
> 70 W. Madison Street, Suite 5500
> Chicago, Illinois  60602
> Tel: (312) 236-9381
> Fax: (312) 236-0920

This 9th day of May, 2008.

_____/s/ Leslie M. Smith, P.C._____
Leslie M. Smith, P.C.

3