UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTEMUS BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-cv-02324 |
| ) | |
| BAXTER INTERNATIONAL, INC., a ) | Hon. Judge Robert W. Gettleman |
| corporation; BAXTER HEALTHCARE ) | |
| CORPORATION, a corporation, and SCIENTIFIC ) | Magistrate Judge Mason |
| PROTEIN LABORATORIES, LLC, a limited ) | |
| liability company, ROBERT L. PARKINSON, JR., ) | |
| JAMES M. GATLING, and DAVID ROHRBACH, ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR ORDER TO PRESERVE SPL EVIDENCE**

NOW COMES Plaintiff, Artemus Banks, by and through his attorneys, Nolan Law Group, and moves this Honorable Court for the entry of an Order preserving and protecting evidence relevant to his cause of action in the possession or control of the Defendant, SCIENTIFIC PROTEIN LABORATORIES, LLC, (SPL) and in support hereof states as follows:

1. Plaintiff filed a complaint alleging injuries sustained as the result of a contaminated heparin drug product manufactured by Defendants. Specifically, Plaintiff used heparin during his home dialysis which came from Lot Number 027020 and bearing corresponding National Drug Code ("NDC") 0641-2450-41.

2. Defendant, SPL, was served with Plaintiff's complaint and summons on May 5, 2008.

1

3. This case and the other heparin based product liability cases filed in various Federal District Courts is scheduled to be heard by the MDL Panel on a motion of consolidate and transfer on May 29, 2008.

4. Plaintiff has filed a memorandum with the MDL Panel that, in part, requests an expedited decision respecting consolidation and transfer. Regardless, Plaintiff is concerned that crucial evidence may be lost in the interim.

5. Defendants, Baxter International, Inc., and Baxter Healthcare Corporation (collectively "Baxter") issued a first Urgent Product Recall letter on January 17, 2008 relating to nine lots of the Heparin product with certain NDC identifications corresponding thereto.

6. On January 24, 2008, Baxter issued an "Additional Information" letter that clarified the prior Urgent Recall Letter to include the NDC on the actual vials subject to the recall which included NDC 0641-2450-41.

7. On February 29, 2008, Baxter issued a second Urgent Product Recall letter to include additional heparin products including those in Lot Number 027020.

8. Since the date of the initial recall, Defendant Baxter and Defendant, SPL, have engaged in extensive testing of the recalled products.

9. Defendant, Baxter, purchased the heparin active pharmaceutical ingredient (API) from the Defendant, SPL. Defendant, SPL, sources the raw API (pig intestines) from raw materials suppliers in China that are believed to be a diverse collection of small family farm operations in rural China.

10. In 2000, Defendant, SPL, built a heparin API processing and manufacturing facility in Changzhou, China in 2000. SPL designates this Chinese venture

and manufacturing facility as SPL-CZ. The Chinese farmers and suppliers deliver the raw API to the SPL-CZ facility in China. The SPL-CZ facility then processes the raw or crude API and the processed API is ultimately shipped to Baxter in the United States in a powder form.

11. On April 21, 2008, Defendant, Baxter, issued a press release with some details of Baxter's initial test results based on the testing performed on recalled contaminated heparin products that contained SPL-CZ processed API. Baxter determined that over-sulfated chondroitin sulfate ("OSCS") was the contaminant found in its product that is attributed to hypotensive reactions for the patient.

12. On April 23, 2008, the New England Journal of Medicine published its article, *Contaminated Heparin Associated with Adverse Clinical Events and Activation of the Contact System*. The New England Journal article authors arrived at similar results finding that OCCS cause adverse reactions in patients.

13. One of the issues in this case is the actual source of the OSCS and other contaminant(s) in the heparin. The current position of Baxter is that the OSCS contamination originated in China at or before the time that the raw API reached the SPI-CZ facility for processing. The raw or crude API and the documents associated with the procurement and handling of the API are likely to shed light on the source and location of the contamination of the heparin that was ultimately sold by Baxter to the Plaintiff.

14. The raw or crude heparin and the documents related to the raw or crude heparin in the possession of the Defendant, SPL, and its agents and subsidiaries ought to be preserved and protected by order of this Court. A party has a duty to preserve evidence over which it has or had control and "reasonably knew or could reasonably foresee was

3

material to a potential legal action." Wiginton v. Ellis, 2003 WL 22439865, *4 (Oct. 27, 2003) *citing* China Ocean Shipping (Group) Co., v. Simone Metals Inc., 1999 WL 966443 *3 (N.D.Ill. Sept. 30, 1999) (collecting cases)

15. Under Rule 26, "a party must preserve that evidence that is properly discoverable." Wiginton, supra. As this Court is well aware, preservation is interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data and tangible things reasonably anticipated to be the subject of discovery under Fed. R.Civ. P. 26, 45 and 56(e).

16. Moreover, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The raw and crude API/heparin and the documents associated with its procurement by SPL are highly relevant to plaintiff's claims and an entry of an order preserving and protecting such evidence from alteration destruction and/or modification is appropriate in this case. This evidence will ultimately be discoverable.

17. Defendant, SPL, will not need to undertake "extraordinary measures" to preserve all potential evidence. China Ocean Shipping (Group) Co, 1999 WL 966443 at *3; Danis v. USN Communications, Inc., 2000 WL 1694325 *32 (N.D.Ill. Oct. 20, 2000). On the other hand, plaintiff will be irretrievably prejudiced upon the destruction, modification, alternation of the subject Heparin. A protective order ought to issue.

18. Indeed, the Illinois Supreme Court has gone so as far as declaring even the *potential* litigant owes a duty to preserve evidence. Shimanovsky v. General Motors Corp., 181 Ill.2d 112, 692 N.E.2d 286 (1998) (Potential litigant required to take reasonable measures to preserve the integrity of relevant material evidence for purposes

of pretrial discovery); <u>Farley Metals v. Barber Coleman Co.</u>, 269 Ill.App.3d 104, 645 N.E.3d 964 (1st Dist. 1994) (Rejecting argument that litigant did not intentionally destroy evidence, dismissal order was affirmed finding that the loss of evidence greatly prejudiced party forced to prepare its case with secondary evidence) This duty is founded upon the Illinois Supreme Court's concern that "were it unable to sanction a party for the *pre-suit* destruction of evidence, a potential litigant could circumvent discovery rules or escape liability simply by destroying the proof prior to the filing of a complaint." <u>Shimanovsky</u>, 181 Ill.2d at 121 (Emphasis added)

19. Provided the minimal burden to SPL and the irretrievable prejudice resulting to the Plaintiff from the potential destruction of this evidence, an order ought to issue preventing the destruction, modification and alteration of the documents related to the procurement of the raw and crude heparin possessed by SPL and SPL-CZ and the actual raw and crude heparin in the possession of SPL and its agents and subsidiaries or otherwise in their possession in the United States, China or elsewhere for a period during the subject litigation and for a reasonable period thereafter.

20. Consistent with Local Rule 37.2, plaintiff's counsel, Paul R. Borth, took reasonable measures to resolve this matter by consultation with Defendant, SPL's attorney, Angel L. Tang, and provided Ms. Tang with a copy of this motion on May 20, 2008 via email in a good faith attempt to resolve this matter, but was unable to reach an accord.

WHEREFORE, Plaintiff, Artemus Banks, prays that this Court enter an order requiring Defendant, SPL, to preserve and prevent the destruction, modification and alteration of the following:

1) All documents related to the procurement and handling of raw and crude heparin possessed by SPL and SPL-CZ from January 2006 to the present;

2) All raw and crude API/heparin in the possession of SPL, SPL-CZ and its agents and subsidiaries or otherwise in their possession in the United States, China or elsewhere until further of Court;

3) All test results from any and all testing performed by Defendant, SPL on any API/heparin dating from 2006 including but not limited to all scientific, laboratory, computerized, spectrographic, chemical, biological and animal testing and analysis.

Dated: May 21, 2008

Respectfully Submitted,

/s/ Paul R. Borth, Esq.
Paul R. Borth, Esq.
NOLAN LAW GROUP
20 North Clark Street, 30th Floor
Chicago, Illinois 60602-4109
Tel: (312) 630-4000
Fax: (312)630-4011

Attorneys for Plaintiff